IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GUSTAVO E. GARZA, ET AL., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| V. | § | No. 3:14-cv-1137-M-BN |
| | § | |
| M&T BANK CORPORATION, ET AL., | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS OF THE
UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the undersigned magistrate judge for pretrial management under 28 U.S.C. § 636(b). The undersigned issues the following findings of fact, conclusions of law, and recommendation that this case be dismissed without prejudice.

**Background**

Plaintiffs Gustavo E. Garza and Sandra L. Garza, proceeding *pro se*, filed this civil action against Defendants M&T Bank Corporation, Bayview Mortgage, and McCarthy Holthus & Ackerman, LLP.

On April 2, 2014, the undersigned advised Plaintiffs that they are responsible for properly serving each Defendant with a summons and complaint in accordance with Federal Rule of Civil Procedure 4 and filing proof of service with the Court in accordance with Federal Rule of Civil Procedure 4(l) and that, if proper service is not made within 120 days after the complaint was filed, this case is subject to dismissal

-1-

without prejudice unless Plaintiffs show good cause for a failure to timely and properly effect service and for the Court to extend the time for service for an appropriate period. *See* Dkt. No. 8.

Plaintiffs have not filed proof of service with the Court as to Defendants M&T Bank Corporation, Bayview Mortgage, and McCarthy Holthus & Ackerman, LLP as required by Rule 4(l).

In an August 5, 2014 Order to Show Cause [Dkt. No. 9], the Court ordered Plaintiffs to file a written response reporting whether they have properly served the defendants in this case and, if they have not, explaining why Plaintiffs' lawsuit should not be dismissed under Federal Rule of Civil Procedure 4(m).

The August 19 deadline has passed without any filing by Plaintiffs or, to the undersigned's knowledge, any communication by Plaintiffs with the Court and its personnel.

The undersigned also notes that the copies of orders mailed by the Clerk of the Court to Plaintiffs' address on file with the Court have not been returned as undelivered. And Plaintiffs have not filed a notice of any new address with the Court, as required if they have changed their residence. *See* Dkt. No. 2. The Court has no basis to believe that Plaintiffs are not receiving service of the Court's orders. And yet Plaintiffs' last interaction with the Court, as reflected on the Court's docket, was Plaintiffs' initial filing of this case on April 1, 2014.

**Legal Standards**

Federal Rule of Civil Procedure 4(m) provides:

> If a defendant is not served within 120 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

FED. R. CIV. P. 4(m).

A district court also has authority to dismiss a case for want of prosecution or for failure to comply with a court order. FED. R. CIV. P. 41(b); *see also Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). This authority "flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co.*, 756 F.2d 399, 401 (5th Cir. 1985). Such a dismissal may be with or without prejudice. *See Long v. Simmons*, 77 F.3d 878, 879-80 (5th Cir. 1996). A dismissal with prejudice is appropriate only if the failure to comply with the court order was the result of purposeful delay or contumacious conduct and the imposition of lesser sanctions would be futile. *See id.* at 880; *see also Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992).

**Analysis**

Because Plaintiffs are representing themselves in this action and paid the statutory filing fee, the Court informed Plaintiffs on April 2, 2014 that they are responsible for properly serving each Defendant with a summons and complaint in accordance with Federal Rule of Civil Procedure 4 and filing proof of service with the Court in accordance with Federal Rule of Civil Procedure 4(l), and the Court further advised Plaintiffs that, if proper service is not made within 120 days after the complaint

was filed, this case is subject to dismissal without prejudice unless Plaintiffs show good cause for a failure to timely and properly effect service and for the Court to extend the time for service for an appropriate period. *See* FED. R. CIV. P. 4(m); Dkt. No. 8. In an August 5, 2014 Order to Show Cause, the Court gave Plaintiffs a further opportunity to report whether they have properly served the defendants in this case and, if they have not, to explain why Plaintiffs' lawsuit should not be dismissed under Federal Rule of Civil Procedure 4(m). *See* Dkt. No. 9.

But Plaintiffs have failed to provide proof of service to establish that they effected proper service on Defendants as required by Federal Rule of Civil Procedure 4 and the Court's orders. It has now been over five months since the Court informed Plaintiffs of their obligation to serve Defendants, and it does not appear that Plaintiffs have done so. Plaintiffs also have failed to comply with the Court's order to show cause why Plaintiffs' lawsuit should not be dismissed under Rule 4(m).

The undersigned therefore finds and concludes that dismissal without prejudice is proper under Rules 4(m) and 41(b). Plaintiffs have failed to provide proof of service to establish that they effected proper service on Defendants as required by Federal Rule of Civil Procedure 4 and the Court's orders. And this case cannot proceed without proper service on Defendants.

**Recommendation**

The Court should dismiss this case without prejudice under Federal Rules of Civil Procedure 4(m) and 41(b). If, within 14 days of the date of this recommendation, Plaintiffs file proof of service or a well-taken request for additional time in which to

-4-

effect service, the Court should refer the case back to the undersigned magistrate judge for further review.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: August 20, 2014

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE